IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD FRAZIER, JR**                                    **PLAINTIFF**

v.                          No. 4:23-cv-356-DPM

**JEFFERSON COUNTY, ARKANSAS,**
a public Body Corporate and Politic, *et al.*             **DEFENDANTS**

### ORDER

The stay, *Doc. 7*, is lifted. To evaluate whether Frazier has stated a claim, the Court will screen his amended complaint. *Doc. 6*; 28 U.S.C. § 1915(e)(2).

These are the pleaded facts, which the Court assumes are true at this point. In February 2023, Jefferson County Sheriff's Deputy Shell Bradley stopped Frazier for driving with expired tags. Frazier exited his vehicle and began walking toward Deputy Bradley to explain the situation. He says Deputy Bradley responded by pulling his service weapon and ordering Frazier to get back in his car. Frazier got back in his car; but he became paranoid and attempted to flee. The chase ended after he crashed into a ditch.

At gunpoint, Frazier got out of his car with his hands raised. Frazier says a police-K9 attacked him without warning, which resulted in bites to his arms, neck, face, and thighs. Frazier admits he hit the dog and tried to get away. Deputies Bradley and Musgrove tased him.

When he again tried to get away, the deputies tased him a second time. Deputy Bradley warned Frazier to stop resisting, kneeled on Frazier, and handcuffed him. Frazier says Deputy Bradley allowed the K9 to keep biting him after he was restrained. He estimates this dog attack lasted for more than ten minutes resulting in "severe and permanent bodily injuries and disfigurement." *Doc. 6 at 1 & 4*.

Frazier was treated at an area hospital where he says a taser prong had to be removed surgically. He also reports multiple abrasions, puncture wounds, and a deep laceration. Later, at the Jefferson County Jail, Frazier says he was placed in a cell with no mattress and forced to use the top bunk despite his injuries. Frazier also says that Jailer Samuel Baker refused to give him the pain medication prescribed by the hospital. Frazier seeks damages for his injuries caused by excessive force, failure to intervene, failure to train/supervise/discipline, negligence, deliberate indifference to medical needs, and conditions of confinement under Arkansas tort law, the Arkansas Civil Rights Act, and 42 U.S.C. § 1983.

From a public records search, it appears a single criminal charge arose from these events: Frazier was charged with killing or injuring an animal used by law enforcement. *State v. Frazier*, 35CR-23-276 (Jefferson County). That charge has been *nolled prossed*.

Some of Frazier's claims go forward, while others do not.

- Frazier's official capacity and individual capacity excessive-force claims against Deputies Bradley and Musgrove proceed. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). The pleaded facts make out plausible claims of unconstitutional force against these deputies individually. Frazier has also sufficiently pleaded a plausible official capacity claim that Deputies Bradley and Musgrove were aware of, and acted pursuant to, a lenient policy toward the use of excessive force within the Sheriff's Department. For the same reason, Frazier has sufficiently pleaded failure to train, supervise, and discipline claims against Sheriff Woods (individually and officially) and Jefferson County. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996).

- Frazier has also sufficiently pleaded an individual capacity claim against Deputy Musgrove for failing to intervene when Deputy Bradley continued to allow the dog to bite Frazier after he was handcuffed. *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015).

- Frazier's negligence, deliberate indifference to medical needs, and conditions-of-confinement claims against the Doe Jail Administrator, Deputy Baker, Jefferson County, and Sheriff Woods are dismissed without prejudice. He cannot circumvent the filing fee requirement by joining unrelated claims. Fed. R. Civ. P. 21. The Court directs the Clerk to send Frazier a blank § 1983 complaint and IFP application, which he can use to seek relief on these claims in another case if he wishes.

All the parties have been served. A scheduling Order will issue.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

26 February 2024