## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

DONALD FRAZIER, JR., a/k/a Donald
Muhammad                                                      PLAINTIFF

v.                           No. 4:23-cv-356-DPM

JEFFERSON COUNTY, ARKANSAS;
LAFAYETTE WOODS, JR., Individually
and In His Official Capacity as the Sheriff
of Jefferson County, Arkansas;  and
BRADLEY SHELL and MICHAEL
MUSGROVE, Individually and In Their
Official Capacities                                           DEFENDANTS

### ORDER

This is a case about alleged excessive force.  Donald Frazier was pulled over for a traffic stop.  He drove away, without permission from the officers on scene.  He crashed into a ditch.  After Frazier got out of the car, Deputy Shell* sicced his police-K9, Soder, on Frazier.  Deputies Shell and Musgrove also tazed him.  Frazier moves for partial summary judgment on his excessive force and failure-to-train claims.  The Jefferson County defendants move for partial summary judgment on Frazier's official-capacity claims.

---

* Deputy Shell's name is Bradley Shell, not Shell Bradley.  *Doc. 35 at 1.*  The Court directs the Clerk to update the docket.

Jefferson County's motion is granted. There was no County custom or policy leading to a constitutional violation. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403–04 (1997). Deputy Shell and Soder met Jefferson County's training standards for K9s and their operators. The training logs of record show this. *Doc. 34-2 at 2, 10 & 34-3 at 1, 31.* Frazier presses that Jefferson County didn't file Soder's canine CLEST certificate covering the year of the incident. But Jefferson County points out that it provided that certificate (and others) in supplemental discovery responses. In these circumstances, Frazier hasn't created a disputed issue of material fact here. Deputies Shell and Musgrove also were up-to-date on their taser training. *Doc. 34-2 at 69–70.* Nothing in the record would suffice to support a verdict that Jefferson County was deliberately indifferent to training its employees. *Andrews v. Fowler*, 98 F.3d 1069, 1076–78 (8th Cir. 1996).

Frazier has an echoing individual-capacity claim against Sheriff Woods for failing to train, supervise, or discipline Shell and Musgrove. *Doc. 9 at 3.* In the Court's view, the applicable law requires summary judgment for Woods on this claim, too. *Andrews*, 98 F.3d at 1078. But it's unclear whether Jefferson County's motion embraces this claim. The Court therefore gives notice of its tentative decision to enter judgment for Woods on this point. Fed. R. Civ. P. 56(f). The Court welcomes the parties' views. Any supplemental brief due by

24 April 2026. Unless the Court orders otherwise, no responding supplemental briefs are needed.

Frazier refers to certain exhibits that aren't in the record. *E.g., Doc. 44 at 3.* But when the Jefferson County defendants pointed this out, *e.g., Doc. 45 at 2*, Frazier replied without supplying supplementary materials supporting many of his contentions. *Doc. 50 & 50-1.* He's therefore forfeited any argument from his asserted but unsupported facts. *Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17, 19 n.1 (2017). Taking the record in the light most favorable to Frazier, *Oglesby v. Lesan*, 929 F.3d 526, 531–32 (8th Cir. 2019), he has not presented evidence of a practice "so permanent and well settled so as to constitute a custom[.]" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quotations omitted).

Frazier's motion for partial summary judgment against the individual officers is denied. He has the burden of proof on his claims. Frazier says that when Deputy Shell sicced Soder on him, he had exited his car with his hands up and was standing still. *Doc. 34-1 at 36–37.* Compare this with the deputies' incident reports. They say that, before Deputy Shell deployed Soder, Frazier ignored Deputy Shell's verbal commands to get on the ground. *Doc. 34-2 at 58 & 60.* The deputies also say that they tazed Frazier after he hit Soder and ran. *Ibid.* All this creates disputed questions of material fact about whether the deputies used excessive force. It also creates disputed questions of material fact

about whether Deputy Musgrove failed to intervene. *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015). The jury must answer these questions. *E.g.*, *Adams v. City of Cedar Rapids*, 74 F.4th 935, 939–40 (8th Cir. 2023).

\*

The Jefferson County defendants' motion, *Doc. 34*, is granted. Frazier's motion, *Doc. 37*, is denied. Frazier's individual capacity claims for excessive force against Deputies Shell and Musgrove go forward. His individual capacity claim against Deputy Musgrove for failing to intervene goes forward, too. Frazier's claims against Lieutenant Baker and the Doe defendants were dismissed without prejudice in an earlier Order, *Doc. 9 at 3*. Frazier's individual capacity claim against Sheriff Woods for failing to train, supervise, or discipline the other officers remains under consideration. Any supplemental brief due by 24 April 2026. All other claims and parties are dismissed with prejudice. The Court directs the Clerk to terminate Jefferson County, Lieutenant Baker, and the Doe defendants from this case.

This case is first out for trial on 15 June 2026. A few months ago, the parties participated in a settlement conference without success. The Court requests that they, and Magistrate Judge Moore, re-engage and try again now that the Court has decided the pretrial motions (with the noted carve out).

-4-

-5-

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_17 April 2026_