IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONALD FRAZIER, JR., a/k/a Donald
Muhammad                                                              PLAINTIFF

v.                                    No. 4:23-cv-356-DPM

LAFAYETTE WOODS, JR., Individually
and BRADLEY SHELL and MICHAEL
MUSGROVE, Individually                                               DEFENDANTS

## ORDER

In its ruling on the parties' cross motions for summary judgment, the Court notified the parties that it was inclined to grant Sheriff Woods summary judgment on Frazier's echoing no-training/supervision/discipline individual capacity claim against him. For simplicity, the Court will call this "the echoing claim." The Court invited the parties' views. Fed. R. Civ. P. 56(f); *Doc. 53 at 2.* Both sides filed briefs. Frazier also submitted additional materials. Frazier also renewed his denied request for summary judgment on several claims.

*First,* Frazier is correct: Defendants did not explicitly seek summary judgment on the echoing claim against Sheriff Woods. But, as the Court noted, the same law governs that claim and the official capacity no-training/supervision/discipline claim—on which the defendants sought summary judgment, and which failed as a matter of

law.  After giving the parties notice and a reasonable time to respond, Rule 56 allows the Court to clear brush in this way.

*Second*, the Court did not reopen the summary judgment record. It closed some five months ago, in mid-December 2025.  Instead, the Court indicated its tentative ruling on the existing evidentiary record and invited briefs on that record.

*Third*, no genuine issue of material fact exists on Frazier's individual capacity claim against Sheriff Woods for allegedly failing to train, supervise, and discipline Officers Shell and Musgrove. The Court's earlier reasoning applies, *Doc. 53 at 2*.  Based on the evidence of record, a reasonable jury could not conclude that Sheriff Woods:  "(1) had notice of a pattern of unconstitutional acts committed by subordinates;  (2) was deliberately indifferent to or tacitly authorized those acts;  and (3) failed to take sufficient remedial action; (4) proximately causing injury to [Frazier]."  *Perkins v. Hastings*, 915 F.3d 512, 524 (8th Cir. 2019) (quotations omitted).  Frazier's echoing claim against Sheriff Woods is dismissed with prejudice.

*Fourth*, and in the alternative, the same conclusion holds even if the Court considers the untimely evidence Frazier recently submitted. He offered several reports about Soder misbehaving and related bites. He also offered some internal affairs, disciplinary, and court documents. The Soder incident reports, by themselves, don't show that Sheriff Woods "had notice that the training procedures were

inadequate and likely to result in a constitutional violation." *Perkins, supra.* And the other documents aren't related to Deputy Shell's conduct or Deputy Musgrove's conduct. Again, the echoing claim does not merit a trial.

*Fifth,* Frazier's renewed request for partial summary judgment on his other claims is denied. The Court did the best it could the first time around. Nothing material has changed. Motions for reconsideration are reserved for extraordinary circumstances. *Woodward v. Credit Service International Corp.,* 132 F.4th 1047, 1058 (8th Cir. 2025). No such circumstances exist here.

*Sixth,* the Court notes the settlement conference scheduled for May 28th. *Doc. 56.* The Court appreciates the parties' willingness to try again and Magistrate Judge Moore's willingness to help again. The Court formally refers the case to her solely for that purpose. This case remains first out for trial on 15 June 2026.

So Ordered.

D.P. Marshall Jr.
United States District Judge

7 May 2026